**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000700**
**21-MAY-2026**
**07:54 AM**
**Dkt. 78 SO**

NO. CAAP-23-0000700
(CONSOLIDATED WITH CAAP-24-0000051)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TRUST CREATED UNDER THE WILL OF
SAMUEL M. DAMON, Deceased


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 1LP000006664)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and McCullen and Guidry, JJ.)

These consolidated appeals concern an arbitration award resolving an attorney fee dispute (**Arbitration Award**), which was issued in favor of Lienors-Appellees Bosko Petricevic and Bosko Petricevic Attorney at Law, LLLC (together, **Lienors** or **Petricevic**) and against Lienors' former client, Beneficiary-Appellant Myrna B. Murdoch (**Murdoch**). Murdoch appeals from the following orders entered by the Circuit Court of the First Circuit (**Circuit Court**) in Probate Case No. 1LP000006664 (**Probate Case**):[1] (1) the September 26, 2023 *Order Granting "Lienors['] . . . Motion to Confirm 'Final Arbitration Decision and Award', Dated August 9, 2023, on Behalf of Lienors . . . and to Release Funds Held by the Court to the Lienors . . .", Filed On August 14, 2023 - Dkt. 1687* (**Order Confirming Arbitration Award**);

---

[1]    The orders arose out of a contested matter that was assigned by the probate court to the circuit court civil trials calendar under Hawaiʻi Probate Rules Rule 20(b).

and (2) the April 23, 2026 *Amended Order Denying Ms. Murdoch's "Motion to Vacate Arbitration Award" - Dkt. 1760* (**Amended Denial Order**).[2]

On appeal, Murdoch contends that the Circuit Court erred:  (1) in confirming and failing to vacate the Arbitration Award despite that Petricevic "ha[d] a conflict of interest as he still represented [Murdoch] in [civil] case [number 1CCV-20-0000957 (**Civil Case**)]" at the time of the arbitration hearing; (2) in failing to rule that the Arbitration Award "covered both the [Probate C]ase and the [Civil C]ase"; (3) in confirming and failing to vacate the full amount of the Arbitration Award despite several bases for reducing the award; (4) in confirming and failing to vacate the Arbitration Award despite that Murdoch "was not afforded proper due process" in that "she was foreclosed from presenting her own dispositive motion" in the arbitration; and (5) in confirming and failing to vacate the Arbitration Award "despite clear bias by the arbitrator."[3]

We review the Circuit Court's ruling on an arbitration award de novo.  <u>Tatibouet v. Ellsworth</u>, 99 Hawaiʻi 226, 233, 54 P.3d 397, 404 (2002).  After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Murdoch's contentions as follows, and affirm.

(1)  Murdoch contends that the Circuit Court should not have confirmed and instead should have vacated the Arbitration Award because Petricevic had a conflict of interest during the July 12, 2023 arbitration hearing, as he still represented

---

[2]     Murdoch originally appealed in appellate case number CAAP-24-0000051 from the December 22, 2023 *Order Denying Ms. Murdoch's "Motion to Vacate Arbitration Award" - Dkt. 1760* (**Denial Order**).  The Honorable James H. Ashford entered the Order Confirming Arbitration Award and the Denial Order.

On April 13, 2026, we temporarily remanded this matter to the Circuit Court for entry of an appealable, amended denial order that denied Murdoch's motion to vacate the Arbitration Award and also reconfirmed the award.  On April 23, 2026, the Honorable Shirley M. Kawamura entered the Amended Denial Order, which perfected the appeal in CAAP-24-0000051 under Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2).

[3]     Murdoch raises this bias contention as part of her fourth point of error, but then presents a separate supporting argument in the argument section of her opening brief.

Murdoch in the Civil Case at that time. She argues that Petricevic "dragged his feet" in withdrawing from representing her after "being fired on February 6, 2023," she had a right to have a counsel free of conflicts, and Petricevic's conflict rendered the arbitration void. She further argues that she was prejudiced because she was "unable to file oppositional filings" in the Civil Case, as electronic notices in that case were still being sent to Petricevic.

Hawaii Revised Statutes (**HRS**) § 658A-22 (2016) provides:

> After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

"'Judicial review of an arbitration award is confined to the strictest possible limits,' and a court may only vacate an award on the grounds specified in HRS § 658A-23 and modify or correct on the grounds specified in HRS § 658A-24." In re Grievance Arbitration Between State Org. of Police Officers, 135 Hawaiʻi 456, 461, 353 P.3d 998, 1003 (2015) (brackets and some internal quotation marks omitted) (quoting Daiichi Haw. Real Est. Corp. v. Lichter, 103 Hawaiʻi 325, 336, 82 P.3d 411, 422 (2003)).

HRS § 658A-23(a) (2016) provides:

> Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
>
> (1) The award was procured by corruption, fraud, or other undue means;
>
> (2) There was:
>
> (A) Evident partiality by an arbitrator appointed as a neutral arbitrator;
>
> (B) Corruption by an arbitrator; or
>
> (C) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 658A-15, so as to prejudice substantially the

3

rights of a party to the arbitration proceeding;

(4)     An arbitrator exceeded the arbitrator's powers;

(5)     There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under section 658A-15(c) not later than the beginning of the arbitration hearing; or

(6)     The arbitration was conducted without proper notice of the initiation of an arbitration as required in section 658A-9 so as to prejudice substantially the rights of a party to the arbitration proceeding.

In arguing that the Arbitration Award should have been vacated, Murdoch does not invoke a specific provision of HRS § 658A-23(a) in her opening brief.  In her reply brief, she invokes subsections (a)(1) through (a)(4), arguing summarily that "all of [her] points of error fit under [each] subsection[,]" without specific explanation.  In the absence of a discernible argument (see HRAP Rule 28(b)(7)), we address Murdoch's conflict-of-interest contention through the lens of HRS § 658A-23(a)(1), which requires vacating an award obtained by corruption, fraud, or "other undue means[.]"

Here, there is no dispute that Murdoch "fired" Petricevic as her counsel no later than March 16, 2023 – long before the July 12, 2023 arbitration hearing.[4]  There is also no dispute that Petricevic formally withdrew from his representation of Murdoch in the Probate Case months before that hearing.  On March 31, 2023, he filed his motion to withdraw, and on May 17, 2023, the Circuit Court entered its order granting the motion.[5] There is also no dispute that Petricevic did not and could not represent Murdoch in the arbitration of the parties' fee dispute. True, Petricevic was still Murdoch's counsel of record in the Civil Case when the arbitration occurred, as Petricevic filed a motion to withdraw in the Civil Case on August 4, 2023, and the Circuit Court entered the order granting the motion on

_____

[4]     Murdoch asserts that she "fired" Petricevic on February 6, 2023. See supra.  Either way, Murdoch sought to terminate their attorney-client relationship several months before the arbitration hearing.

[5]     Then, on May 18, 2023, the Circuit Court entered its order granting Petricevic's March 31, 2023 motion to compel arbitration of the fee dispute.

September 6, 2023. Murdoch contends she was unable to file responsive documents in the Civil Case until Petricevic withdrew. However, Murdoch does not explain how Petricevic's residual counsel-of-record status in the Civil Case, when their attorney-client relationship had otherwise ended, could have affected the arbitration of the parties' fee dispute in the Probate Case or the validity of the resulting award.[6] And she provides no authority for her assertion that this residual status in the Civil Case rendered the arbitration "void" or otherwise led to an award that was procured by corruption, fraud, or other undue means. The Circuit Court did not err in confirming and not vacating the Arbitration Award in these circumstances.

(2) Murdoch contends that the Circuit Court erred in failing to rule that the Arbitration Award "covered," or "was binding as to," both the Probate Case and the Civil Case. Although her argument is unclear, it appears Murdoch may be contending that the Circuit Court erred in not ruling that the Arbitration Award satisfied all outstanding claims for attorney's fees (and corresponding attorney's liens) by Petricevic against her in both the Probate Case and the Civil Case.

As a threshold matter, Murdoch did not make this argument in her opposition to Petricevic's motion to confirm, or in her own motion to vacate, the Arbitration Award. She asserted in the hearing on the motions that the arbitration demand and "the confirmation for the fees" was "for both cases," but she did not request an affirmative ruling from the Circuit Court on that issue, and the Circuit Court made clear that "I have no intention of doing anything with the lien in [the Civil Case] . . . . There's nothing pending before me in that case today."[7] The

---

[6] We do not mean to suggest that Petricevic's professional responsibilities to Murdoch in the Civil Case ended before he withdrew in that case. They did not. See, e.g., Hawaiʻi Rules of Professional Conduct Rule 1.16(a)(3) (mandating that a lawyer "shall withdraw from the representation of a client if: . . . (3) the lawyer is discharged") and Rule 1.16(c) (requiring that "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation").

[7] The court further stated that "[i]f anything is eventually awarded in Ms. Murdoch's favor in [the Civil Case], then the merits of Mr. Petricevic's lien on any future award or judgment or decree or whatever it is, can be addressed [in the Civil Case]."

issue is thus deemed waived <u>for purposes of this appeal</u>.  <u>See</u>
<u>Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co.</u>,
100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002).

In any event, Murdoch has not shown how this issue
required vacating the Arbitration Award on any of the grounds
specified in HRS § 658A-23(a).  Her argument therefore lacks
merit.

(3) Murdoch contends that the Circuit Court erred in
confirming and failing to vacate the full amount of the
Arbitration Award despite that:  (a) the Circuit Court had
previously denied fees to Petricevic for his motion to compel
arbitration; (b) the costs awarded to Petricevic were not
pre-approved as required by the parties' fee agreement; (c) the
arbitrator ordered Murdoch to pay general excise (**GE**) tax that
"was never prayed for"; and (d) Petricevic's "additional hourly
fees were charged at $375/hour, rather than the $160/hour agreed
to in the fee agreement."

Murdoch essentially seeks to correct alleged legal and
factual errors made by the arbitrator in reaching his final
decision.  HRS § 658A-23 does not authorize vacatur of an
arbitration award for this purpose.  "[W]here the parties agree
to arbitrate, they thereby assume all the hazards of the
arbitration process, including the risk that the arbitrators may
make mistakes in the application of law and in their findings of
fact."  <u>Nordic PCL Constr., Inc. v. LPIHGC, LLC</u>, 136 Hawaiʻi 29,
42, 358 P.3d 1, 14 (2015) (quoting <u>Daiichi Haw. Real Est. Corp.</u>,
103 Hawaiʻi at 336, 82 P.3d at 422).  Murdoch assumed that risk
here.  The Circuit Court did not err in confirming and not
vacating the Arbitration Award in these circumstances.

(4)  Murdoch contends that the Circuit Court erred in
confirming and failing to vacate the Arbitration Award despite
that Murdoch was "not afforded proper due process" in that she
was prevented from presenting her own dispositive motion in the
arbitration.  She argues that the arbitrator "repeatedly
pressured her" to treat her response to Petricevic's dispositive
motion as her own dispositive motion, and she trusted the
arbitrator and "follow[ed] his suggestion" without fully

understanding "the implications of her choice."

"The basic elements of procedural due process of law require notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Alexander & Baldwin, LLC v. Armitage, 151 Hawaiʻi 37, 54, 508 P.3d 832, 849 (2022) (brackets omitted) (quoting Sandy Beach Def. Fund v. City Council of Honolulu, 70 Haw. 361, 378, 773 P.2d 250, 261 (1989)). Murdoch has not shown that the arbitrator deprived her of an opportunity to file her own motion, and she does not dispute that she had an opportunity to respond to Petricevic's motion. For purposes of HRS § 658A-23(a)(3), Murdoch has not shown that the arbitrator "conducted the hearing contrary to section 658A-15," so as to substantially prejudice her rights. Her due process argument lacks merit.

(5) Murdoch contends that the Circuit Court erred in confirming and failing to vacate the Arbitration Award despite "clear bias by the arbitrator." She argues that the arbitrator showed bias by disregarding the fact that Petricevic still represented her in the Civil Case during the arbitration, by granting Petricevic fees for the motion to compel arbitration, by "tipp[ing] off" Petricevic that he had neglected to request GE tax, by disregarding portions of the fee agreement to favor Petricevic, by "allow[ing]" Petricevic to "taunt and belittle" Murdoch in group emails, and by "allow[ing] only . . . [Petricevic] to file a dispositive motion in the arbitration[.]"

Under HRS § 658A-23(a)(2)(A), the court must vacate an arbitration award upon a showing of "[e]vident partiality by an arbitrator appointed to serve as a neutral arbitrator[.]" "Evident partiality may be found in two situations: when an arbitrator fails to make necessary disclosures to the parties, or when additional facts show actual bias or improper motive, even if the arbitrator makes the necessary disclosures." Narayan v. Ass'n of Apt. Owners of Kapalua Bay Condo., 140 Hawaiʻi 75, 84, 398 P.3d 664, 673 (2017). Here, Murdoch does not assert that the arbitrator failed to make necessary disclosures; she contends that the arbitrator showed actual bias in favor of Petricevic during the course of the arbitration proceeding. "In 'actual

bias' cases, where the fact of nondisclosure is not present, parties must prove specific facts, beyond those disclosed, indicating bias." Id. at 84 n.12, 398 P.3d at 673 n.12.

Here, Murdoch did not show specific facts indicating the arbitrator's alleged bias. We have rejected Murdoch's argument that Petricevic had a conflict of interest that rendered the Arbitration Award void. We have also determined that Murdoch assumed the risk of alleged legal errors by the arbitrator. See supra. These alleged errors do not indicate bias. Moreover, Murdoch has cited no evidence supporting her allegation that the arbitrator "tipped off" Petricevic to the GE tax issue – just the arbitrator's July 14, 2023 Interim Decision and Order concluding that GE tax "was not requested in the MSJ and is not awarded." She has cited nothing in the record to support her allegation that Petricevic "taunt[ed] and belittl[ed]" her in group emails. And she has failed to demonstrate that the arbitrator prevented her from filing her own dispositive motion. See supra. In sum, Murdoch has not shown that there was "[e]vident partiality by [the A]rbitrator" or "[m]isconduct by [the A]rbitrator prejudicing [her] rights . . . ." HRS § 658A-23(a)(2)(A) and (C). Her argument therefore lacks merit.

For the reasons discussed above, the Order Confirming Arbitration Award and the Amended Denial Order are affirmed.

DATED: Honolulu, Hawaiʻi, May 21, 2026.


On the briefs:

Kai Lawrence
for Beneficiary-Appellant.

Bosko Petricevic
for Lienors-Appellees.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge